IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UFIRST FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY FIRST FEDERAL CREDIT UNION d/b/a UFIRST CREDIT UNION,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL<br><br>Case No. 2:22-cv-00646-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff UFirst Federal Credit Union's (UFirst NY's) motion to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF No. 114. Defendant University First Federal Credit Union d/b/a UFirst Credit Union (UFirst UT) opposes the motion. The court GRANTS the motion for voluntary dismissal.

Rule 41(a)(2) provides that if the conditions for voluntary dismissal outlined in subdivision (a)(1) do not apply, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." This rule "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022) (citation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Relevant factors that a court should consider when determining whether legal prejudice precludes dismissal include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part

of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* Courts may also consider other relevant factors. *Id.*

Considering the *Ohlander* factors, the court determines that UFirst UT will not be legally prejudiced by the voluntary dismissal of this action. UFirst UT has not expended resources in preparing for trial because a trial date has not been set. And UFirst NY did not delay filing a motion for dismissal. Soon after the court denied its motion for a preliminary injunction, UFirst NY acknowledged to UFirst UT that it lacked the financial resources to litigate this action through trial and attempted to negotiate a concurrent use agreement for the service mark at issue in this litigation. Once negotiations broke down, UFirst NY promptly filed its motion to voluntarily dismiss its action. Additionally, UFirst NY has adequately explained the need for dismissal—its lack of funds to pursue costly litigation. Finally, the stage-of-litigation factor favors dismissal because the parties have not even begun the discovery stage in earnest.

UFirst UT argues that it would be legally prejudiced by a dismissal for two reasons that were not specifically listed in *Ohlander*. First, UFirst UT contends that it would be legally prejudiced because it is confident that, through this litigation, it will establish that it has superior trademark rights throughout the nation. But UFirst NY's lawsuit is not an appropriate vehicle for UFirst UT to establish its own trademark rights. UFirst UT has not asserted a counterclaim in this litigation. If UFirst UT believes that UFirst NY has infringed its superior trademark rights in some market, the appropriate course of action is to initiate its own litigation. UFirst UT may not hijack UFirst NY's litigation in an attempt to satisfy its own litigation goals related to its alleged trademark rights.

Second, UFirst UT argues that the court should deny the motion to dismiss because UFirst NY has been unreasonable during prior settlement negotiations. The court disagrees. It is not the

court's role to evaluate how reasonable the parties have been during negotiations to settle the controversy at the heart of this action. Nor has UFirst UT explained how the reasonableness or unreasonableness of UFirst NY during settlement discussions has anything to do with legal prejudice to UFirst UT if this litigation is dismissed.

Finally, UFirst UT argues that if the court grants UFirst NY's motion to dismiss this action without prejudice, the court should require UFirst NY to pay UFirst UT's attorney fees as a condition of dismissal. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."). The court declines to impose such a condition in this case. Because UFirst NY seeks dismissal for lack of funds to prosecute this case, the court finds that there is little chance that it will refile in the near future and expose UFirst UT to duplicative expenses. *See Spalsbury v. Sisson*, 250 F. App'x 238, 250 (10th Cir. 2007) (unpublished) ("[T]he district court acted well within its discretion in awarding fees to [the defendant], particularly in light of [the plaintiff's] expressed intent to refile the dismissed claims in state court."). Moreover, the parties have only litigated the preliminary injunction motion in this action. Any work performed by UFirst UT's lawyers can be used in any subsequent lawsuit.

## CONCLUSION

For the above-stated reasons, the court grants UFirst NY's motion to voluntarily dismiss this action without prejudice.

DATED July 16, 2024.

                                BY THE COURT

                                _____
                                Jill N. Parrish
                                United States District Court Judge

4